```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------x
LUIS DIAZ,                         :
               Petitioner,         :    06 Civ. 795 (LMM)
                                         (90 Cr. 824 (LMM))
          - against -              :
                                        MEMORANDUM AND ORDER
                                   :
UNITED STATES OF AMERICA,
                                   :
               Respondent.
                                   :
-----------------------------------x
```

McKENNA, D.J.,

**1.**

Defendant was convicted on January 31, 1992, after a jury trial, of (a) conspiring, from in or about August of 1989 through December 4, 1990, to distribute and possess with intent to distribute one kilogram and more of heroin, in violation of 21 U.S.C. § 846 (Count One); (b) distributing and possessing with intent to distribute various numbers of glassines of heroin on various dates during the conspiracy, in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2 (Counts Two, Three, Four, Five, Six and Eight); (c) use of various firearms on various dates during and in relation to the conspiracy charged in Count One or the possession charged in Count Six, in violation of 18 U.S.C. §§ 924(c) and 2 (Counts Seven,[1] Nine and Ten); (d) possession of a firearm by a felon, on or about November 19, 1990,

---

[1] Count Seven alleges the use and carriage of a firearm.

in violation of 18 U.S.C. § 922(g)(1) (Count Twelve); (e) maintenance of places for the distribution of heroin during the period of the indictment charged in Count One, in violation of 21 U.S.C. §§ 856(a)(1) & (2) and 18 U.S.C. § 2 (Counts Thirteen, Fourteen and Fifteen); and (f) engaging in a continuing criminal enterprise, from early 1988 through December 4, 1990, in violation of 21 U.S.C. § 848(a) (Count Seventeen).

Petitioner was sentenced on March 31, 1994, principally to 420 months imprisonment; 360 months on grouped Counts One through Six inclusive, Eight and Seventeen, 240 months on grouped Counts Thirteen through Fifteen, to be served concurrently with the 360 months, and 60 months on Count Seven, to be served consecutively to the 360 months.[2]

Petitioner appealed and his conviction was affirmed on January 24, 1995, in an unpublished order. United States v. Collazo, 47 F.3d 1158 (2d Cir. 1995) (table). He did not seek a writ of certiorari from the Supreme Court.

In a petition dated January 7, 2006, petitioner now seeks: (i) the retroactive application of United States v. Booker, 543 U.S. 220 (2005); (ii) the vacating of his conviction under 18 U.S.C. § 924(c) because of his innocence (citing Bousley v. United

---

[2] For reasons set forth in a Memorandum and Order dated March 7, 1994, slip op. at 9-12, the Court sentenced petitioner to only one 18 U.S.C. § 924(c) count, Count Seven (but alternatively on Count Nine or Count Ten, should Count Seven not be available after appeal). No sentence was imposed on Count Twelve, to avoid double counting.

2

States, 523 U.S. 614 (1998), and Bailey v. United States, 516 U.S. 137 (1994)); and (iii) the vacating of his conviction for conspiracy (citing Rutledge v. United States, 517 U.S. 292 (1996)).

**2.**

    28 U.S.C. § 2255 provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
>     (1) the date on which the judgment of conviction becomes final;
>
>     (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>     (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.  For the reasons set forth below, the petition is untimely as to two of its claims.

    With respect to subparagraph (1) of 28 U.S.C. § 2255, petitioner's judgment became final when his time to seek a writ of certiorari from the Supreme Court expired, Clay v. United States, 537 U.S. 522, 532 (2003), i.e., on April 24, 1995.  The petition was filed more than a year after that date.

With respect to subparagraph (2) of 28 U.S.C. § 2255, petitioner has not alleged any impediment created by governmental action to the filing of his petition.

With respect to subparagraph (3) of 28 U.S.C. § 2255, petitioner has "one year from the date on which the right he asserts was initially recognized by [the Supreme] Court." Dodd v. United States, 125 S. Ct. 2478, 2482 (2005). United States v. Booker, 543 U.S. 220 (2005), on which petitioner's first ground for relief is premised, was decided on January 12, 2005, and the petition was filed within a year of that date.

Bailey v. United States, 516 U.S. 137 (1994), and Bousley v. United States, 523 U.S. 614 (1998), on which petitioner's second ground for relief is premised, were filed in 1994 and 1998, respectively, and the petition was not filed within a year of either of those dates.

Rutledge v. United States, 517 U.S. 292 (1996), on which petitioner's third ground for relief is premised, was filed in 1996, and the petition was not filed within a year of that date.

With respect to subparagraph (4) of 28 U.S.C. § 2255, petitioner has not asserted that any facts supporting his claims could not have been discovered prior to the year preceding the filing of his petition.

For the foregoing reasons, the petition is untimely as to its second and third grounds. It is not a basis for relief as far

as the first ground is concerned for the reason set forth in § 3 hereof, below.

**3.**

Although petitioner's claim under Booker was filed within a year of the date on which Booker was decided, petitioner cannot obtain relief under Booker because the Second Circuit has held that, while Booker did announce a new rule of law, it did not establish a substantive rule or a watershed procedural rule, and thus is "not retroactive, i.e., it does not apply to cases on collateral review when the defendant's conviction was final as of January 12, 2005, the date that Booker issued." United States v. Guzman, 404 F.3d 139, 144 (2d Cir. 2005).  Petitioner's conviction became final in 1995, well before the date of Booker.

**4.**

If petitioner's claim relating to the 18 U.S.C. § 924(c) count on which he was sentenced had been timely, he nevertheless could not have obtained relief on it.  That count (Count 7) charged that petitioner and two other defendants -- Gregory Collazo and Aurelio Gonzalez -- "did use and carry a firearm" during and in relation to a drug-trafficking offense.  While it does not appear that petitioner could have been convicted under the "use" prong of 18 U.S.C. § 924(c) (as that statute read at the time of trial) because of the construction given the word "use" in Bailey and Bousley, the jury could have convicted him under the "carry" prong.

There was evidence that on or about March 28, 1990 Aurelio Gonzalez, a co-conspirator, had a loaded Smith & Wesson .38 caliber revolver on the floor of the front passenger side of a car, where Gonzalez was seated. (See Gov't Letter to Court, May 15, 2006, at 10 (citing transcript).) Since the Court gave the jury a Pinkerton charge[3] (see Gov't Letter to Court, May 15, 2006, at 11 n.3 (citing transcript)) and a charge describing the requirements of the "carry" prong of 18 U.S.C. § 924(c) (id. at 10 (citing transcript), petitioner is liable for Gonzalez' conduct, which comes within the "carry" prong of 18 U.S.C. § 924(c). On such facts, the conviction must be sustained. United States v. Pimintel, 83 F.3d 55, 58-59 (2d Cir. 1996).

**5.**

Finally, had petitioner's challenge to his conspiracy conviction under Rutledge v. United States, 517 U.S. 292 (1996), been timely, it would nevertheless have to be denied. "Rutledge held . . . that the narcotics conspiracy of [21 U.S.C.] § 846 was a lesser-included offense of the [continuing criminal enterprise ("CCE")] of [id.] § 848 . . . and explicitly rejected [the Second Circuit] practice of combining sentences for the two convictions, ruling that the imposition of a special assessment on each of the counts would constitute impermissible double punishment."

---

[3] Pinkerton v. United States, 328 U.S. 640 (1946) (conspirator liable as principal for substantive offenses committed by other conspirators in furtherance of conspiracy during his membership).

Underwood v. United States, 166 F.3d 84, 86 (2d Cir. 1999) (citation omitted). Rutledge "did not require dismissal or resentencing as to the CCE conviction," but remanded for dismissal of one conviction. Id. (citation omitted). However, petitioner's claim cannot be raised on collateral review (even if it were timely) because the separate sentences under 21 U.S.C. §§ 846 and 848 have not affected the term of his imprisonment, so that there has not been a "'substantial and serious effect.'" Id. at 87 (quoting Brecht v. Abrahamson, 507 U.S. 619, 623, 637-38 (1993); other citation and footnote omitted).[4]

\*     \*     \*

The petition is dismissed.

SO ORDERED.

Dated: June /2, 2007

                                                               Lawrence M. McKenna
                                                                    U.S.D.J.

---

[4] Petitioner does not raise the question of the special assessments, but in any event such an issue is procedurally barred for the reasons set forth in Underwood, 166 F.3d at 87-88.

7